**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MOHAMMED K. RANKO, | : | |
| | : | Civil Action No. 15-8483 (ES) |
| Plaintiff, | : | |
| v. | : | OPINION |
| MICHAEL SAUDINO, et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Plaintiff Mohammed K. Ranko, a pre-trial detainee currently confined in Bergen County Jail in Hackensack, New Jersey, seeks to bring this civil rights action *in forma pauperis*. Because Plaintiff has too much money in his prisoner account to qualify for *in forma pauperis* status, the Court will deny his application. *See Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013) (affirming denial *in forma pauperis* application based on financial status of applicant). However, because Plaintiff also paid the required filing fee, the Court will direct the Clerk of the Court to file his Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

I.  **BACKGROUND**

The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff names the following individuals as defendants: (1) Bergen County Sheriff Michael Saudino; (2) Passaic County Superior Court Judge Liliana S. Deaila Silebi; (3) Bergen County Superior Court Judge Susan J. Steele; (4) Bergen County Prosecutor John L. Molinelli; and (5) Public Defender Joseph E. Krakora. Plaintiff alleges that all these defendants "conspired to violate his rights" by "not letting [him] use the telephone so [he] can talk and contact his family." (D.E. No. 1, Complaint ("Compl.") ¶ 4). Specifically, Plaintiff states that the restriction on his telephone usage was implemented after he was "fraudulently" charged with violation of a restraining order in February 2014. (Compl. ¶ 6). Plaintiff does not provide any further facts. He is seeking ten million dollars in damages. (Compl. ¶ 7).

II. **LEGAL STANDARD**

  A.  **Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

>of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   DISCUSSION

Though it is not clear, Plaintiff appears to raise only a claim for conspiracy against these Defendants. To sustain a conspiracy claim under § 1983, a plaintiff must show that state actors reached an understanding to deny Plaintiff his rights. *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993). To constitute a conspiracy, there must be a "meeting of the minds." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir. 2008). Plaintiff must make specific allegations of the agreement. "[It] is a longstanding rule in the Third Circuit that a mere general allegation ... [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). A § 1983 conspiracy claim only arises when there has been an actual deprivation of a right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ, v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)).

Here, Plaintiff has alleged absolutely no facts to suggest the existence of a conspiracy between these Defendants. Two of the defendants are New Jersey state court judges, from different counties, one of the defendants is a prosecutor, one is a public defender and one is a sheriff. They appear to be completely unrelated to one another, with no identifiable connection.

Plaintiff makes a vague reference to an alleged violation of a restraining order, but he provides no facts to connect these individuals to each other or the violation of his rights.  (Compl. ¶ 6).  Because Plaintiff has provided no factual support for his allegation of a conspiracy under § 1983, that claim will be dismissed under *Iqbal*.   556 U.S. at 678.

To the extent Plaintiff intended to raise a separate claim for violation of his right to use the telephone, that claim will also be dismissed.  Plaintiff references his rights under the Eighth Amendment, which protects prisoners against deprivations of basic human needs, *Perez v. Fed. Bureau of Prisons*, 229 F. App'x 55, 57 (3d Cir. 2007) (per curiam), and his rights under the Fourteenth Amendment, which protects pre-trial detainees from conditions which amount to punishment, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).[2]   However, Plaintiff has failed to provide sufficient facts which would allow this Court to evaluate the viability of either of those claims, as it is not even clear whether he is being denied access to the phone based on a restriction imposed by the prison or a court order.  Nor has Plaintiff alleged with any specificity how each of the defendants are involved in the restriction on phone access, which is a requirement to state a claim under § 1983.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("a defendant in a civil rights action must have personal involvement in the alleged wrongs").   Based on the lack of information provided by Plaintiff, the Court must dismiss without prejudice any intended

---

[2] Other prisoners have also alleged a violation of their First Amendment rights in circumstances similar to Plaintiff.  *See, e.g.*, *Almahdi v. Ashcroft*, 310 F. App'x 519, 521-22 (3d Cir. 2009) ("The constitutional right at issue has been described as the right to communicate with people outside prison walls, and a telephone provides a means of exercising this right.   However, prisoners have no right to unlimited telephone use, and reasonable restrictions on telephone privileges do not violate their First Amendment rights.  Rather, a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution.") (internal citations and quotations omitted).

constitutional claims for violation of his right to use the telephone.[3]  *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4]  An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] The Court also notes that most of the named defendants would likely be entitled to immunity or otherwise not subject to liability.  *See*, *e.g.*, *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2006) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (prosecutorial immunity); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant is not acting under color of state law).

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*